UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:11-CV-203

MARIE O'BRIEN, Individually and on behalf
of the Wrongful Death Beneficiaries of
Helen Tabor, deceased                                                                                   PLAINTIFF

v.

ATRIUM CENTERS MANAGEMENT, LLC
ORION SALEM, LLC
ROBERT BRILEY                                                                                         DEFENDANTS

## MEMORANDUM OPINION & ORDER

This matter is before the Court upon several related motions. Plaintiff has filed a motion to remand on the basis of lack of subject matter jurisdiction (DN 21). Plaintiff has also filed a motion to stay proceedings pending ruling on Plaintiff's motion to remand (DN 23). Finally, Plaintiff has filed a motion to amend the complaint and substitute a party (DN 35). These matters are now ripe for adjudication.

## BACKGROUND

Plaintiff Marie O'Brien is the daughter of Helen Tabor, who was a resident of Salem Springlake Health & Rehabilitation Center ("Salem Springlake"), a skilled nursing and rehabilitation center, from February 22, 2010 to April 22, 2011. Helen Tabor died on June 30, 2011. Salem Springlake Health & Rehabilitation Center is the assumed name of Defendant Orion Salem, LLC ("Orion"). Defendant Atrium Centers Management, LLC ("Atrium") entered into a Management Agreement with Salem Springlake to provide services according to the terms of that agreement.

On November 30, 2011, Ms. O'Brien filed a complaint in Livingston Circuit Court, asserting claims against Defendants for negligence, medical negligence, corporate negligence, violations of long term care resident's rights pursuant to KRS 216.510 et seq., and wrongful death. In addition, Ms. O'Brien asserted claims against Robert Briley, based upon his position as the administrator of Salem Springlake. In the complaint, Ms. O'Brien contends that Helen Tabor suffered accelerated deterioration of her health and physical condition beyond that caused by the normal aging process as well as falls, fractures, DVT, Infections, and death. Defendants noticed the removal of this action on December 28, 2011 on the grounds of federal diversity jurisdiction.

## DISCUSSION

### I. Motion to Remand

Ms. O'Brien moves this Court to abstain from hearing this matter and to remand the action to Livingston Circuit Court because there is not complete diversity of citizenship between the parties.

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Citizenship, as used in 28 U.S.C. § 1332(c)(2), means domicile. *Certain Interested Underwriters at Lloyd's, London England v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994). "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). Additionally, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent." 28 U.S.C. § 1332(c)(2). Diversity jurisdiction under section 1332

is determined at the time of removal. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). On motions to remand, the district court must scrutinize "whether the action was properly removed in the first place." *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996).

Ms. O'Brien is a citizen of Indiana. Corporate Defendants Atrium and Orion are citizens of Delaware and Ohio. Defendant Robert Briley is currently a citizen of Ohio, but was a citizen of Kentucky at the time this action was initiated and at the time this action was removed to this Court. Ms. O'Brien maintains that Ms. Tabor was a citizen of Kentucky and therefore argues that the parties to this action are not completely diverse. Ms. Tabor and her husband moved to Salem, Kentucky in the 1970s. After her husband's death and when she needed skilled nursing care, Ms. Tabor was admitted to Salem Springlake in Livingston County, Kentucky. She remained a resident at Salem Springlake until April 22, 2011. Ms. O'Brien then took Ms. Tabor to Indiana, where she had multiple hospital visits before dying on June 30, 2011. Although Ms. Tabor died in Indiana, her Death Certificate lists her as a resident of Salem, Livingston County, Kentucky. Ms. O'Brien contends that, pursuant to 28 U.S.C. § 1332(c)(2) which provides that the legal representative of the estate of a decedent is a citizen of the same state as the decedent, she is considered a citizen of Kentucky and complete diversity between the parties is lacking.

Although Defendants contend that a genuine dispute exists regarding whether Ms. Tabor established domicile in Indiana before her death, Defendants additionally contend that Ms. Tabor's citizenship is immaterial for purposes of invoking diversity jurisdiction in this action. Defendants argue that the requirement of complete diversity is met in this action because, at the time this action was initiated and at the time this action was removed to this Court, Ms. O'Brien did not have the power to act as a personal representative of Ms. Tabor's estate. On November

30, 2011, Ms. O'Brien, "individually and on behalf of the Wrongful Death Beneficiaries of Helen Tabor, deceased," filed the complaint in this action. The action was thereafter removed to this Court on December 28, 2011. However, Ms. O'Brien did not file a Petition for Appointment of Administrator in Livingston District Court until January 24, 2012. The Livingston District Court Judge then issued an order appointing Ms. O'Brien Administratrix/Personal Representative of Ms. Tabor's estate on February 7, 2012. Defendants argue that, because Ms. O'Brien was not the legal representative of Ms. Tabor's estate until February 7, 2012, it is therefore Ms. O'Brien's citizenship which is relevant to a determination of diversity.

KRS § 411.130 provides that an action for wrongful death "shall be prosecuted by the personal representative of the deceased." KRS § 411.130(1). KRS § 411.140 further provides that an action for personal injury does not cease or die with the person injured, and that such an "action may be brought or revived by the personal representative, or against the personal representative, heir or devisee, in the same manner as causes of action founded on contract." In Kentucky, the exclusive right to maintain a wrongful death action is vested in the personal representative unless the personal representative refuses to bring the action. *City of Louisville v. Hart's Adm'r*, 136 S.W. 212, 213 (Ky. 1911). Thus, only a personal representative may bring a wrongful death action in Kentucky.

At the time this action was filed and at the time it was removed, Ms. O'Brien was not the personal representative of Ms. Tabor's estate and was therefore without authority to bring an action on behalf of Ms. Tabor's estate. Thus, the diversity rule of 28 U.S.C. § 1332(c)(2) does not apply here. Because Ms. O'Brien could only initiate this action in her individual capacity, it is Ms. O'Brien's citizenship which is relevant to a determination of whether diversity jurisdiction

exists in this action. Because Ms. O'Brien is a citizen of Indiana, the parties are completely diverse and this Court has subject matter jurisdiction over this action.

## II. Motion to Substitute Party and Amend Complaint

Ms. O'Brien has requested that this Court permit her to amend the complaint and substitute Estate of Helen Tabor, by and through Marie O'Brien, Administrator, as the proper Plaintiff in this action. Defendants have not responded to Ms. O'Brien's motion in the time allowed by the Rules.

The Court will allow Ms. O'Brien to amend the complaint and substitute the proper party. However, even assuming Ms. Tabor was a citizen of Kentucky, the Court's determination that diversity jurisdiction exists in this action is not affected by the substitution of parties. "The general rule is that federal jurisdiction is tested according to the facts as they exist at the time an action is initiated and that diversity jurisdiction, once acquired, is not defeated by events occurring subsequent to the commencement of the action." *Television Reception Corp. v. Dunbar*, 426 F.2d 174, 177 (6th Cir. 1970) (citing *Smith v. Sperling*, 354 U.S. 91, 93 (1957)). "For example, a substitution of one party for another, or a change in citizenship of one of the parties, after the action has started, with a resulting loss of diversity of citizenship, does not oust jurisdiction previously acquired at the time of filing." *Grant County Deposit Bank v. McCampbell*, 194 F.2d 469, 472 (6th Cir. 1952). Accordingly, the Court will retain jurisdiction over this action.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion to remand (DN 21) is DENIED. Additionally, Plaintiff's motion to stay proceedings pending ruling on Plaintiff's motion to remand (DN 23) is DENIED as MOOT.

Defendants have moved this Court to dismiss this action or, in the alternative, stay this action and compel the parties to participate in arbitration.  Plaintiff has not yet responded to Defendants' motion to dismiss.  IT IS HEREBY ORDERED that Plaintiff shall respond to Defendants' motion to dismiss by August 8, 2012.  Defendants shall file any reply by August 15, 2012.